## KEITH vs. PRATT.

A demurrer to a declaration admits the facts therein pleaded.

The declaration must show title in the plaintiff to the thing sued for. And if no title is shown, the defect is fatal at every stage of the proceeding.

The plaintiff declared, as surviving partner of E. Y. B., on a note payable to E. Y. B. & Co., and made no averment of the identity of the payees with the plaintiff, and his deceased partner, he cannot upon this statement recover.

This averment must be positively and directly made, and not left to inference.

Where the declaration states a note to have been *made* on a certain day, and on oyer the note, as dated on that day—this is no *variance*.

A defect in a declaration not set down in a demurrer as cause of demurrer is cured.

DEBT in the Crawford circuit court, determined in October, 1843, before the Hon. R. C. S. BROWN, one of the circuit judges. Pratt sued Keith. The declaration was, "John G. Pratt, surviving partner of E. Y. Baker, by attorney, complains of Nathan Keith to answer the plaintiff in an action of debt, and the plaintiff demands of the defendant the sums of $482 48, which he owes to and unjustly detains from him. For that whereas the defendant, on the 2d December, A. D. 1840, made his certain promissory note in writing and delivered the same to the plaintiff, and now, here to the court shown, and thereby promised to pay, on demand, to Edward Y. Baker & Co., or order, $482 48, which period hath now elapsed, and by reason of the said sum of $482 48 being unpaid, and by reason of a demand for payment having been made by the plaintiff, an action hath accrued to the plaintiff to demand of the defendant the said sum of $482 48, being the said sum above demanded, yet the said defendant has not paid the said sum above demanded or any part thereof to the plaintiff, damage of one hundred dollars, and therefore he brings his suit. Keith craved oyer, and the instrument was filed, and is "$482 48-100, on demand, for value received, I promise to pay E. Y. Baker & Co., or order, four hundred eighty-two 48-100 dollars. Little Rock, December 2d, 1840," signed by Keith. There was a demurrer to the declaration, because the plaintiff no where showed his right to prosecute the suit: because the note given on oyer, is executed to E. Y. B. & Co., and the declaration contains no averment of the plaintiff's right

to sue: and because there was a variance, in that, the declaration describes the note as without date, when by the note itself it appears to be dated 2d December, 1840. The demurrer was overruled, and final judgment for Pratt. Keith brought error.

*Cummins,* for plaintiff.

*Trapnall & Cocke,* contra.

*By the court,* SEBASTIAN J. The facts being admitted by the demurrer as stated in the declartion, does the plaintiff show himself entitled to recover? The general principle in pleading is, that the declaration must set forth a title in the plaintiffs to the thing sued for; 'and if no title is shown, the defect is fatal at every stage of the proceeding. The plaintiff declares as "surviving partner of E. Y. Baker," and the promissory note is payable to Edward Y. Baker & Co. There is no averment of the identity of the payees with the plaintiff and his deceased partner, and this connection is necessary to establish the legal title by survivorship in the plaintiff. This should be positively and directly avered and not left to inference. The facts may all be true, and yet the plaintiff have no cause of action. Upon this ground the court erred in overruling the demurrer.

There is no variance between the note stated in the declaration and that exhibited on oyer. The declaration is silent as to the date, but alleges that it was made on the 2d December, and this is the date of the note. It was no *variance*; if anything, it was a defect in the declaration; but if it was, the defect was not set down as cause of demurrer, and is consequently cured. But for the cause above stated, the judgment must be reversed, the cause remanded, with instructions, &c.